IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA and STATE OF VERMONT, <br><br> *Plaintiffs*, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC. and RURAL CELLULAR CORPORATION, <br><br> *Defendants*. | Case No. 1:08-cv-993-EGS |

### PLAINTIFF UNITED STATES' UNOPPOSED MOTION FOR THE APPOINTMENT OF A MANAGEMENT TRUSTEE

Plaintiff United States of America, by and through undersigned counsel, hereby moves this Court to appoint W. Stephen Cannon as Management Trustee for the reasons set forth in the accompanying Memorandum. The Management Trustee, pursuant to the Preservation of Assets Stipulation and Order entered by this Court, is required to oversee and manage the assets to be divested pursuant to the proposed Final Judgment in order to preserve and maintain them and facilitate their sale. Because the Management Trustee needs to take steps to prepare to assume the operation of the assets before the merger is consummated, plaintiff United States requests that this Court consider this Motion forthwith.

Pursuant to Local Rule 7(m), plaintiff United States discussed this Motion with Julie Brill, counsel for plaintiff Vermont, David E. Wheeler, counsel for defendant Verizon Communications Inc., and Michael L. Weiner, counsel for defendant Rural Cellular Corporation

1

by telephone on June 10, 2008. Plaintiff Vermont and defendants do not oppose this Motion.

Dated: June 18, 2008                    Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

/s/
Hillary B. Burchuk (DC Bar No. 366755)
Lawrence M. Frankel (DC Bar No. 441532)
Jared A. Hughes
Deborah Roy (DC Bar No. 452573)
Attorneys, Telecommunications & Media
Enforcement Section
U.S. Department of Justice, Antitrust Division
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Facsimile: (202) 514-6381

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF VERMONT, )<br>)<br>)<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>VERIZON COMMUNICATIONS INC. and RURAL CELLULAR CORPORATION, )<br>)<br>*Defendants.* ) | Case No. 1:08-cv-993-EGS |

### MEMORANDUM IN SUPPORT OF PLAINTIFF UNITED STATES' UNOPPOSED MOTION FOR THE APPOINTMENT OF A MANGEMENT TRUSTEE

This Memorandum is filed in support of plaintiff United States's unopposed motion for appointment of W. Stephen Cannon as Management Trustee in the above-captioned case. This case arises from a civil antitrust Complaint filed on June 10, 2008, along with a stipulated proposed Final Judgment. The purpose of the Final Judgment is to remedy the competitive problems identified in the Complaint through the successful divestiture of the Divestiture Assets, as defined in Section II of the proposed Final Judgment. The success of the Final Judgment in curing the competitive problems identified in the Complaint depends in part upon the preservation of these assets prior to their divestiture, and, therefore, the parties hereto stipulated to the Preservation of Assets Stipulation and Order ("Stipulation"), entered by this Court on June 10, 2008, which mandates the appointment of a Management Trustee. This Management Trustee, nominated by plaintiff United States and approved by this Court, will manage and

1

preserve the Divestiture Assets and ensure compliance with the Stipulation and Final Judgment. For the reasons discussed below, plaintiff United States nominates W. Stephen Cannon to be the Management Trustee and urges this Court to appoint him to serve in that capacity.

1. Plaintiffs' Complaint alleges that the merger of defendant Verizon Communications Inc. ("Verizon") and defendant Rural Cellular Corporation ("RCC"), would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because the effect may be substantially to lessen competition in mobile wireless services throughout Vermont, one geographic area in New York that is contiguous to Vermont, and in northeast Washington. The Complaint seeks adjudication that the merger of Verizon and RCC would violate Section 7 of the Clayton Act and further sought preliminary and injunctive relief.

2. The proposed Final Judgment filed with the Complaint embodies the parties' agreement to settle the case through prompt divestiture of RCC's entire mobile wireless telecommunications services businesses operating in the geographic areas of Vermont, New York and Washington identified in the Complaint. This settlement resulted from intensive negotiations between plaintiffs and defendants. The essence of the settlement is divestiture of the businesses to assure that competition in the provision of mobile wireless services is not substantially lessened as a result of the proposed merger.

3. The Stipulation embodies the parties' agreement to preserve and maintain the Divestiture Assets in order to facilitate prompt and successful divestitures. Rather than have representatives of defendants undertake this effort, the Stipulation calls for an independent Management Trustee to be appointed to serve as manager of the Divestiture Assets consistent with the terms and purpose of the Stipulation and the proposed Final Judgment.

4. Pursuant to Section V.A of the Stipulation, a Management Trustee shall be selected by plaintiff United States, upon consultation with plaintiff Vermont, and approved and appointed by the Court. The Management Trustee shall have the power and authority to hire, at the cost and expense of defendants, any investment bankers, attorneys or other agents reasonably necessary in the judgment of the Management Trustee to assist in the management of the Divestiture Assets. The Management Trustee will have all of the other powers enumerated in Sections V and VI of the Stipulation, including the power and authority to take actions necessary to preserve the Divestiture Assets to ensure their expeditious and successful divestiture.

5. Plaintiff United States believes a familiarity with the management of a mobile wireless business and a thorough understanding of the competitive goals of both the proposed Final Judgment and the Stipulation are essential qualifications for the Management Trustee. As indicated in Exhibit A, Mr. Cannon clearly possesses those qualifications. Mr. Cannon was appointed the operating trustee by the Court in *United States v. AT&T Inc. and Dobson Communications Corporation*, No. 1:07CV01952-ESH (D.D.C. Mar. 20, 2008) ("*AT&T/Dobson*"). In his capacity as Management Trustee for *AT&T/Dobson*, Mr. Cannon operated four mobile wireless businesses in different parts of the United States. Through this experience, he gained industry knowledge and hands-ons operational and financial expertise that will make him fully capable of carrying out the day-to-day responsibilities of the Management Trustee here. Additionally, in his position as Senior Vice President, General Counsel and Secretary of Circuit City Stores, Inc., a Fortune 200 retailer of consumer electronics, he served as a member of the company's executive committee that developed and directed Circuit City's business strategy, and had responsibility for the management of all legal and policy issues.

3

Through this experience, he gained an in-depth knowledge of the consumer retail business and hands-ons operational and financial expertise that will be important in his role as Management Trustee.

6. Mr. Cannon has more than 20 years experience in antitrust law, including serving as Deputy Assistant Attorney General at the Antitrust Division of the United States Department of Justice. He is aware of the importance of competition and is exceedingly well qualified to understand and advance the goals of the Stipulation and proposed Final Judgment. Finally, an extensive conflicts check has revealed no representations that would disqualify Mr. Cannon from serving as Management Trustee. In selecting Mr. Cannon, plaintiff United States considered whether his current role as Management Trustee in *AT&T/Dobson* would create conflicts as a portion of those assets, located in Kentucky, are to be sold to defendant Verizon. Mr. Cannon played no role in negotiating that sale. In addition, the Kentucky businesses do not compete for customers with the Vermont, New York and Washington businesses he will be managing pursuant to this Court's appointment, and Mr. Cannon has not had, and will not have, access to confidential information that could be used to compete unfairly in the geographic areas identified in the Complaints in this matter or in *AT&T/Dobson*. Moreover, the confidentiality obligations imposed by the Stipulation in this case (Section V.E), and the Preservation of Assets Stipulation and Order in *AT&T/Dobson* (Section V.E), will serve to protect and promote the competitiveness of the businesses Mr. Cannon will be managing.

7. Plaintiff United States consulted with plaintiff Vermont about the selection of Mr. Cannon as Management Trustee. Neither defendants nor plaintiff Vermont object to the Court's appointment of Mr. Cannon as the Management Trustee under the Stipulation.

8. For all of the foregoing reasons, plaintiff United States respectfully requests this Court to appoint Mr. Cannon as Management Trustee pursuant to Section V of the Preservation of Assets Stipulation and Order. A proposed Order is attached.

Dated: June 18, 2008

Respectfully submitted,

FOR PLAINTIFF UNITED STATES:

_____/s/_____
Hillary B. Burchuk (DC Bar No. 366755)
Lawrence M. Frankel (DC Bar No. 441532)
Jared A. Hughes
Deborah Roy (DC Bar No. 452573)
Attorneys, Telecommunications & Media Enforcement Section
U.S. Department of Justice, Antitrust Division
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Facsimile: (202) 514-6381

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF VERMONT, *Plaintiffs*, v. VERIZON COMMUNICATIONS INC. and RURAL CELLULAR CORPORATION, *Defendants*. | Case No. 1:08-cv-993-EGS |

### ORDER ON PLAINTIFF UNITED STATES' UNOPPOSED MOTION FOR THE APPOINTMENT OF A MANAGEMENT TRUSTEE

This matter came before the Court on Plaintiff United States' Unopposed Motion for the Appointment of a Management Trustee. Upon consideration of this Motion, and Memorandum in Support thereof, this Court hereby ORDERS:

(1) that plaintiff United States' Unopposed Motion for the Appointment of a Management Trustee is GRANTED; and

(2) that W. Stephen Cannon is appointed Management Trustee pursuant to the Preservation of Assets Stipulation and Order.

Dated at Washington, D.C., this ____ day of _____, 2008.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2008, I caused a copy of the foregoing Plaintiff United States' Unopposed Motion for the Appointment of a Management Trustee, the Memorandum in support thereof, and proposed Order, to be mailed, by U.S. mail, postage prepaid, to the party listed below:

Julie Brill
Assistant Attorney General and Director, Antitrust
Office of the Vermont Attorney General
109 State Street
Montpelier, Vermont 05609-1001

/s/
Hillary B. Burchuk (DC Bar No. 366755)
Attorney, Telecom & Media
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530

# W. Stephen Cannon

1627 Eye St. N.W., 10th Floor
Washington, DC 20006
Office: 202.204.3502
Fax: 202.204.3501
scannon@constantinecannon.com

## PROFESSIONAL EXPERIENCE

*Constantine Cannon LLP*
*Washington, DC*
**Chairman and Managing Partner**                                                                 2005-Present

Practice concentrated in antitrust and trade regulation, corporate governance, electronic payments and privacy issues.

*Antitrust Modernization Commission*                                                              2004-2007
**Member**

Appointed by United States Senate Majority Leader. Final report issued April 2007 and Commission terminated.

*Circuit City Stores, Inc.*
*Richmond, VA*
**Senior Vice President, General Counsel and Secretary**                                          1994- 2005

Chief legal and public policy officer for Fortune 200 retailer of consumer electronics with approximately $12 billion in annual sales. Responsible for management of all legal and policy issues regarding corporate governance, SEC/FCC/FTC regulatory matters, antitrust, consumer credit, mergers and acquisitions/ divestitures, litigation, employment, intellectual property as well as government affairs. As Corporate Secretary (2002-2005) responsible for the coordination of all Board of Directors meetings and related activities. Member of the Circuit City Executive Committee with direct report to the Chief Executive Officer.

*Wunder, Diefenderfer, Ryan, Cannon & Thelen*
*Washington, DC*
**Partner**                                                                                        1986-1994

Practice concentrated in antitrust, trade regulation and administrative law involving both litigation and regulatory matters as well as legislative advocacy.

*United State Department of Justice*
*Washington, DC*
**Deputy Assistant Attorney General, Antitrust Division**                                         1985 -1986

Responsible for coordinating policy positions on antitrust matters, including all antitrust legislation. Also responsible for all Antitrust Division appellate matters

Exhibit A

**W. Stephen Cannon** Page 2
Office (202) 204-3502
Fax (202) 204-3501

**PROFESSIONAL EXPERIENCE (continued)**

*United States Senate Judiciary Committee*
*Washington, DC*
**Chief Antitrust Counsel** 1981-1984

Staff responsibility for all antitrust legislation, as well as Department of Justice Antitrust Division oversight. Coordinated preparation for hearings, committee mark-ups and floor debates.

*U.S. Justice Department*
*Honors Law Graduate Program*
Washington, DC
**Trial Attorney, Antitrust Division** 1977-1981

Trail lawyer in Special Litigation Section. Particular focus on antitrust enforcement in the health care industry and the professions

*Supreme Court of South Carolina*
*Columbia, SC*
**Law Clerk to Justice C. Bruce Littlejohn** 1976-1977

**EDUCATION**

*University of South Carolina.*
**Juris Doctorate** 1976

*University of South Carolina*
**Bachelor of Arts** 1973

**BAR MEMBERSHIPS**

*South Carolina*
*District of Columbia*

**PROFESSIONAL ACTIVITIES**

*American Bar Association, Section of Antitrust Law*
 *Member, Section Council*
 *Chair, Legislation Committee*

*American Bar Association, Special Task Force on Attorney Client Privilege*

*National Chamber Litigation Center, Board of Directors*